

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,185-01

### EX PARTE JERRY ANTOINE NOLAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W15-00427-M (A) IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery, and he was sentenced to 25 years in prison.

Applicant claims that trial counsel wrongly advised him to reject a 12-year plea agreement and that appellate counsel denied him his right to a direct appeal. *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). The trial court entered an order designating issues, but there are no findings of fact and conclusions of law resolving the claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial and appellate counsel to respond to Applicant's claims of ineffective assistance by explaining counsels' representation of Applicant, including applicable strategy and tactical decisions. To obtain the responses, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas application. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims for habeas relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 18, 2018
Do not publish